IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HH ASSOCIATES, U.S., INC., | ) | Civil No. 22-00062 JAO-KJM |
| | ) | |
| Plaintiff, | ) | ORDER DENYING DEFENDANT |
| | ) | RAYMOND EVANS'S MOTION |
| vs. | ) | TO CONTINUE TRIAL DATE AND |
| | ) | PRETRIAL DEADLINES |
| RAYMOND EVANS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER DENYING DEFENDANT RAYMOND EVANS'S MOTION TO
CONTINUE TRIAL DATE AND PRETRIAL DEADLINES

Defendant Raymond Evans ("Defendant") filed a Motion to Continue Trial Date and Pretrial Deadlines ("Motion") on August 21, 2023.  ECF No. 29.  The Motion asks this Court to continue the January 16, 2024 trial date and open pretrial deadlines as of August 21, 2023, including the dispositive motions deadline, for at least ninety (90) days.  *Id.* at 2.

Plaintiff HH Associates, U.S., Inc. ("Plaintiff" or "HH Associates") filed an Opposition to the Motion on September 11, 2023.  ECF No. 38.  Defendant filed a Reply on September 21, 2023.  ECF No. 42.

The Court held a hearing on the Motion on October 5, 2023.  Daniel Hildebrand, Esq., Michelle J. Chapman, Esq., and James W. Rooney, Esq., appeared on behalf of Defendant.  Christopher J. Cole, Esq., Peter A. Steinmeyer,

Esq., A. Millie Warner, Esq., and Erik W. Weibust, Esq., appeared on behalf of Plaintiff.  After careful consideration of the Motion, supporting and opposing memoranda, applicable law, record in this case, and arguments of counsel, the Court DENIES the Motion for the reasons set forth below.

BACKGROUND

**A.     The Hawaiʻi Lawsuit**

HH Associates, as the successor to InnerWorkings, Inc. ("InnerWorkings"), commenced this action on February 11, 2022 (the "Hawaiʻi Lawsuit").  ECF No 1.  InnerWorkings is a global marketing supply-chain company that provides marketing materials for companies.  ECF No. 1 at 7 ¶ 18.  Effective at the close of business on December 31, 2021, InnerWorkings merged into HH Associates.  ECF No. 1 at 6 ¶ 15.

As a longtime Sales Manager for InnerWorkings, Defendant oversaw sales operations in Hawaiʻi and Guam.  *Id.* 1 at 3 ¶ 4; ECF No. 1 at 13 ¶ 33.  Effective February 14, 2020, Defendant resigned from InnerWorkings to join Smart Source, LLC ("Smart Source").  ECF No. 1 at 2 ¶ 2; ECF No. 1 at 3 ¶ 4.  Smart Source is a competitor of InnerWorkings.  ECF No. 1 at 2 ¶ 1.

According to the Complaint, Plaintiff seeks to hold Defendant accountable for improperly soliciting his colleagues and clients to leave InnerWorkings and join Smart Source.  *Id.*  Plaintiff asserts claims for breach of fiduciary duty of

loyalty, breach of contract, violation of state and federal trade secrets laws, tortious interference with business relationships, and civil conspiracy. *Id.* at 32-47.

### B. The Florida Lawsuit

In addition to the lawsuit against Defendant in Hawaiʻi, InnerWorkings also filed a lawsuit against Smart Source and Sara Horn, Defendant's former manager at InnerWorkings, in the United States District Court for the Middle District of Florida (Tampa Division) on April 15, 2021 (the "Florida Lawsuit"). *See Innerworkings, Inc. v. Sara Horn, et al.*, Case No. 8:21-cv-00903 SDM-AEP (M.D. Fla. 2021); *see also* ECF No. 38-2. The First Amended Complaint in the Florida Lawsuit ("Florida Lawsuit Complaint") alleges that Ms. Horn is a former high-level InnerWorkings executive who resigned in 2019 to join Smart Source. ECF No. 29-2 at 3 ¶ 6. Defendant is not a named defendant in the Florida Lawsuit. *Id.* at 1.

The Florida Lawsuit Complaint further alleges that Smart Source and Ms. Horn "conspired to tortiously interfere with InnerWorkings's employee and customer relationships and effectively steal its business in Hawaii." *Id.* at 1 ¶ 1. InnerWorkings asserts claims for violations of various state and federal trade secrets laws, breach of contract, aiding and abetting breach of fiduciary duty of loyalty, tortious interference with business relationships, tortious interference with contract, unfair method of competition, and civil conspiracy. *Id.* at 40-70. Trial in

the Florida Lawsuit was originally set for March 2023.  ECF No. 29-4 at 2.  On October 12, 2022, the Florida Court continued the Florida trial date for six months from March 2023 to October 2023.  ECF No. 29-5 at 2.

**C.     Procedural Background**

This Court set a Rule 16 Scheduling Conference for April 11, 2022.  ECF No. 5.  Prior to this Scheduling Conference, on April 1, 2022, Plaintiff's counsel submitted a letter request ("Letter Request").  ECF No. 15.  Plaintiff's counsel represented that the parties planned to stipulate to stay the case following the filing of Defendant's answer.  *Id.* at 1.  Counsel also represented that both parties were jointly requesting that (1) to postpone the April 11, 2022 Rule 16 Scheduling Conference; and (2) the Court set a status conference in July 2022 to report on the status of the Florida Lawsuit.  *Id.*

Based on the parties' request, the Court vacated the April 11, 2022 Rule 16 Scheduling Conference and set a telephonic status conference for July 6, 2022.  ECF No. 16.  Although Defendant filed his answer on June 30, 2022, the parties did not file any stipulation to stay the case.  At the July 6, 2022 status conference, the Court explained to the parties that the trial judge, District Judge Jill A. Otake, was not inclined to stay the case.  Accordingly, the Court set the parties' pretrial deadlines and set trial for January 16, 2024.  ECF No. 21; *see also* ECF No. 22 (Rule 16 Scheduling Order).

On the deadline to file dispositive motions on August 21, 2023, Plaintiff filed a Motion for Summary Judgment as to Liability. ECF No. 27. Defendant did not file a dispositive motion and instead filed the instant Motion.

## DISCUSSION

Defendant's Motion seeks to amend the Rule 16 Scheduling Order to continue the trial date and open pretrial deadlines as of August 21, 2023, including the deadline to file dispositive motions. ECF No. 29 at 2.

A request to amend a scheduling order is governed by Federal Rule of Civil Procedure 16. Rule 16 provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id.* (other citations omitted) (quoting Fed. R. Civ. P. 16(b) advisory committee's notes to 1983 amendment). If the moving party was not diligent, "the inquiry should end." *Id.*

The Court finds that Defendant was not diligent in seeking the amendment. Defendant contends that because the parties had initially agreed to stay the Hawaiʻi case pending trial of the Florida case, he reasonably believed that the parties would

stipulate to continue the remaining case deadlines in the Hawaiʻi Lawsuit until after trial in the Florida Lawsuit:

> Because of the parties' initial agreement to seek a stay of the Hawaiʻi case pending trial of the Florida case, and subsequent agreement to set key pretrial deadlines in the Hawaiʻi case after trial in the Florida case, defendants [sic] reasonably believed that the parties in this matter would file a joint and agreed motion to continue the remaining case management deadlines in this matter until after trial of the Florida case, and would file such an agreed motion prior to the deadline to file dispositive motions in the Hawaiʻi case, which is August 21, 2023.

ECF No. 29 at 5.

Defendant does not provide, however, a reasonable basis for this understanding. The only reasoning Defendant provides is that the trial for the Florida Lawsuit was continued from March 2023 to October 2023, so he believed that the parties would continue the pre-trial deadlines in the Hawaiʻi Lawsuit based on the parties' initial agreement to seek a stay the case back in April of 2022. *Id.*

On April 1, 2022, the parties did indeed file a letter providing that the parties would seek a stay of the Hawaiʻi Lawsuit after Defendant had filed an Answer in the Hawaiʻi Lawsuit. *See* ECF No. 15. The Court informed the parties that it would not, however, be staying the case. *See* ECF No. 29 at 4. Thereafter, Defendant provides no letters, e-mails, or other correspondence that suggests that the parties would instead, continue the remaining case deadlines because the Court would not be staying the Hawaiʻi Lawsuit.

Defendant contends that he only realized at the parties' meet and confer on August 14, 2023, that Plaintiff would not be agreeing to any continuance of the Hawaiʻi Lawsuit case management deadlines until after trial in the Florida Lawsuit.  *Id*. at 5.  Again, Defendant provides no basis other than the parties' initial discussions in early 2022 to try to stay the Hawaiʻi Lawsuit until after the Florida Lawsuit had been resolved.

There is simply nothing in the record to support Defendant's contention that it was reasonable of him to assume Plaintiff (or the Court) would agree to continue the deadlines in the Hawaiʻi Lawsuit.  Indeed, Plaintiff asserts that, despite the trial date in the Florida Lawsuit being moved on October 12, 2022, from June 1, 2023 to October 2023, the parties did not, at the time trial was moved nor any time thereafter, discuss seeking to move any deadlines in the Hawaiʻi Lawsuit or even asking the Court to reconsider its inclination not to stay the case pending resolution of the Florida Lawsuit.  ECF No. 38 at 11.

Under these circumstances, the Court cannot find that Defendant was diligent in seeking continuance of any of the deadlines in this matter.  "Attorney error and oversight do not establish diligence."  *Aldaya v. Encore Cap. Grp.*, Inc., No. CV 15-00284 SOM-RLP, 2017 WL 11139923, at *3 (D. Haw. Mar. 7, 2017) (citing *Provident Energy Assocs. of Mont. v. Bullington*, 77 Fed. Appx. 427, 428–29 (9th Cir. 2003) (attorney's misreading of the complaint did not provide good

cause to amend seven months past the filing deadline). The Court finds that Defendant was not diligent in trying to obtain an agreement from Plaintiff to continue any deadlines. He waited until a week before the dispositive motions deadline to discuss it at all with Plaintiff. Because Defendant was not diligent, the inquiry should end. *Johnson*, 975 F.2d at 609. Accordingly, the Court DENIES Defendant's Motion to Continue Trial Date and Pretrial Deadlines.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's Motion to Continue Trial Date and Pretrial Deadlines. The current Scheduling Order, ECF No. 22, still controls the case schedule in this matter. Any expired deadlines in this case, including the deadline to file dispositive motions, remain closed.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, October 19, 2023.



Kenneth J. Mansfield
United States Magistrate Judge

*Civil No. 22-062 JAO-KJM; HH Associates, U.S., Inc. v. Evans*; Order Denying Defendant Raymond Evans's Motion to Continue Trial Date and Pretrial Deadlines