BRONSTER FUJICHAKU ROBBINS
A Law Corporation
MARGERY S. BRONSTER      4750
LANSON K. KUPAU          5687
KELLY HIGA BROWN         9556
LANSON K. KUPAU II       11737
1003 Bishop Street, Suite 2300
Honolulu, Hawai'i 96813
Telephone: (808) 524-5644
Facsimile: (808) 599-1881
E-mail:     mbronster@bfrhawaii.com
            lkupau@bfrhawaii.com
            khiga@bfrhawaii.com
            dkupau@bfrhawaii.com

GREENBERG TRAURIG, P.A.
Jennifer W. Corinis (pro hac vice)
101 E. Kennedy Blvd., Suite 1900
Tampa, Florida 33602
Telephone: (813) 318-5700
Facsimile: (813) 318-5900
E-mail:     jennifer.corinis@gtlaw.com

Attorneys for Defendant
RAYMOND EVANS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| HH ASSOCIATES, U.S., INC., as successor to INNERWORKINGS, INC., | CV 22-00062-JAO-KJM |
| | **DEFENDANT RAYMOND EVANS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION [DKT. 90], FILED JANUARY 25, 2024** |
| Plaintiff, | |
| vs. | |
| RAYMOND EVANS, | Judge: The Honorable Jill A. Otake |
| Defendant. | Trial Date: Continued from January 16, 2024 |

# TABLE OF CONTENTS

I.    INTRODUCTION ......................................................................1

II.   ARGUMENT............................................................................2

    A.   Motion for Reconsideration Standard..................................................2

    B.   IW has failed to show this Court committed any error.........................4

        1.   Case defining solicitation where employee had
            non-solicitation agreement are relevant and
            support the Court's Conclusion .......................................................4

        2.   IW cannot make new arguments in a motion for
            Reconsideration ................................................................9

            a.   The Restatement does not provide an independent
                cause of action for "breach of the duty of loyalty" ...................10

            b.   IW's newly-cited cases should be disregarded and
                Do not support its argument ......................................................12

        3.   IW has not asked this Court to reconsider its
            Conclusions about whether there are material facts
            in dispute...........................................................................17

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                    **Page(s)**

*Admor HVAC Prod., Inc. v. Lessary*,
2019 WL 2518105 (D. Haw. June 18, 2019)......................................................11

*Akron Pest Control v. Radar Exterminating Co., Inc.*,
455 S.E. 2d 601 (Ga. Ct. App. 1995)...................................................................8

*Aluminum Shake Roofing, Inc. v. Hirayasu*,
110 Haw. 248 (2006) ...........................................................................................8

*Atmel Corp. v. Vitesse Semiconductor Corp.*,
30 P.3d 789 (Colo. App. 2001)............................................................................7

*Bancroft–Whitney Co. v. Glen*,
64 Cal. 2d 327, 411 P.2d 921 (Cal. 1966) ..................................................*passim*

*BRP Colleague Inc. v. Gillen*,
2023 WL 3641954 (N.D. Ga. Mar. 7, 2023) ................................................5, 8

*Cooper v. Dep't of Taxation*,
2019 WL 6499068 (D. HI Dec. 3, 2019).............................................................2

*Ferretti v. Beach Club Maui, Inc.*,
No. CV 18-00012..................................................................................................3

*Gordon v. Sequeira*,
2018 WL 1020113 (D. Haw. Feb. 22, 2018).......................................................3

*Guth v. Loft*,
23 Del. ch. 255, 5 A.2d 503 (1939) ...........................................................14, 16

*Haw. Stevedores, Inc. v. HT & T Co.*,
363 F. Supp. 2d 1253 (D. Haw. 2005).................................................................3

*Jacob v. United States*,
128 F. Supp. 2d 638 (D. Haw. 2000).................................................................10

*MAI Sys. Corp. v. Peak Computer, Inc.*,
991 F.2d 511 (9th Cir. 1993) ...............................................................................5

*Mercator Risk Servs., Inc. v. Girden*,
  2009 WL 466150 (S.D.N.Y. Feb. 23, 2009) ........................................................6

*Merrill Lynch, Pierce, Fenner & Smith v. McClafferty*,
  287 F. Supp. 2d 1244 (D. Haw. 2003)................................................................5

*Noetzel v. Haw. Med. Serv. Assoc.*,
  2016 WL 4033099 (July 27, 2016)......................................................................3

*Prudential Locations, LLC v. Gagnon*,
  151 Haw. 136, 509 P.3d 1099 (2022)..................................................................7

*Rodriguez v. Starwood Hotels & Resorts Worldwide, Inc.*,
  2010 WL 8938524 (D. Haw. Dec. 29, 2010)......................................................11

*Seniorlink Inc. v. Landry*,
  2021 WL 3932309 (D. Mass. Sept. 2, 2021) .......................................................6

*Sierra Club, Haw. Chapter v. City & Cty. of Honolulu*,
  486 F. Supp. 2d 1185 (D. Haw. 2007).................................................................2

*Technomedia Sols., LLC v. Scopetto*,
  2013 WL 6571558 (M.D. Fla. Dec. 13, 2013) .....................................................5

*Thomas Weisel Partners LLC v. BNP Parabas*,
  2010 WL 1267744 (N.D. Cal. Apr. 1, 2010).........................................13, 16, 17

*Villon v. Marriott Hotel Services, Inc.*,
  130 Hawaiʻi 130 (2013)......................................................................................10

*White v. Sabatino*,
  424 F. Supp. 2d 1271 (D. Haw. 2006).................................................................3

**Other Authorities**

L.R. 6.01.............................................................................................................3

L.R. 60.1(c) .........................................................................................................3

Local Rule 60.1 ...................................................................................................2

Restatement (Second) of Agency, §§ 393, 394, 395 .....................................11, 12

iii

**DEFENDANT RAYMOND EVANS MEMORANDUM IN
OPPOSITION TO PLAINTIFF'S MOTION FOR
RECONSIDERATION [DKT. 90], FILED JANUARY 25, 2024**

Defendant RAYMOND EVANS ("Evans") submits this Memorandum in Opposition to Plaintiff HH Associates, U.S., Inc.'s (f/k/a *Innerworkings*, here as "IW") Motion for Reconsideration [Dkt. 90] filed January 25, 2024 ("Motion"). IW asks the Court to reconsider its decision that there was an issue of fact precluding summary judgment on IW's breach of loyalty claim, ostensibly based on Evans' alleged solicitation of his coworkers to work at Smart Source. But there was no error, never mind manifest error, in this Court's decision.

## I.     INTRODUCTION

In 25 pages of argument, IW seeks to overturn this Court's denial of summary judgment of IW's breach of fiduciary duty of loyalty based on solicitation of employees. It claims the Court's decision was a "manifest error of fact or law." Dkt. 90 at 6. Throughout this litigation, IW has contended that Evans breached his duty of loyalty to IW by "(i) soliciting IW customers to move their business to SS, and (ii) soliciting IW employees to join SS." Dkt. 27-1 at 16. IW now seeks to recast its claim as a generic breach of duty of loyalty claim, framing it as a "claim against Defendant Raymond Evans for breach of the duty of loyalty based upon his conduct involving his coworkers." Dkt. 90 at 7. In spite of IW's odd concession that this argument may have been "unclear in its summary judgment briefing or at oral

argument, Dkt. 90 at 8, IW's summary judgment filings were clear that its claim has always been that Evans "solicited" customer and employees.  It should not now be heard to complain that this Court erred in failing to apply a standard it never sought.  Indeed, IW acknowledges there is a "dearth" of controlling law, while also arguing that the Court erred by disregarding it.  Even if IW had pursued a "generic" breach of a duty of loyalty claim, isolated from the solicitation context, it would have failed because there is no controlling, or even persuasive, caselaw to support it.  In any event, IW's argument falls far short of establishing that this Court committed a clear or manifest error.

## II.    ARGUMENT

### A. Motion for Reconsideration Standard

Local Rule 60.1 governs motions for reconsideration in this Court, and provides three grounds for reconsideration of interlocutory orders:

(a) Discovery of new material facts not previously available;

(b) Intervening change in law; and/or

(c) Manifest error of law or fact.

Local Rule 60.1.  "The Ninth Circuit has recognized that Rule 60(b) may be used to reconsider legal issues and to reconsider the court's own mistake or inadvertence." *Sierra Club, Haw. Chapter v. City & Cty. of Honolulu*, 486 F. Supp. 2d 1185, 1188 (D. Haw. 2007); *Cooper v. Dep't of Tax'n*, 2019 WL 6499068, *1 (D. HI Dec. 3,

2019) (citing *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993);

*see Gordon v. Sequeira*, 2018 WL 1020113 (D. Haw. Feb. 22, 2018) (to succeed on

a motion for reconsideration, party must demonstrate facts or law of a "strongly

convincing nature to induce the court to reverse its prior decision.") "Motions for

reconsideration are disfavored" and "may not repeat arguments already made, unless

necessary to present one or more of the permissible grounds for the reconsideration

request." L.R. 6.01.

IW has alleged that reconsideration is warranted because this Court

committed a "manifest error of law." Dkt. 90 at 9. Hawaii Courts recognize that a

"manifest error" under L.R. 60.1(c) is "'[a]n error that is plain and indisputable, and

that amounts to a complete disregard of the controlling law or the credible evidence

in the record.'" *Noetzel v. Haw. Med. Serv. Assoc.*, 2016 WL 4033099, at *2 (July

27, 2016) (quoting Black's Law Dictionary, 660 (10th ed. 2014)); *see also Ferretti*

*v. Beach Club Maui, Inc*., No. CV 18-00012 JMS-RLP, 2018 WL 3672741, at *2

(D. Haw. Aug. 2, 2018) (same). "Mere disagreement with a previous order is an

insufficient basis for reconsideration, and reconsideration may not be based on

evidence and legal arguments that could have been presented at the time of the

challenged decision." *See Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d

1253, 1269 (D. Haw. 2005).

**B. IW has failed to show this Court committed any error.**

IW has fallen far short of demonstrating that this Court made an error that is "plain and indisputable" on IW's breach of fiduciary duty claim for solicitation of IW employees. Indeed, IW acknowledges that there is a "dearth" of caselaw on what constitutes a duty of loyalty in this context. Dkt. 90 at 18. While IW accepts that there is no clear standard for this claim, it nevertheless contends this Court erred in applying it. That's illogical, and reconsideration is unwarranted. Although IW does not even meet the initial threshold for a Motion of this type, Evans will respond to each of IW's arguments.

**1. Cases defining solicitation where employee had non-solicitation agreement are relevant and support the Court's conclusion.**

IW complains that the Court cited only cases defining "solicitation" in a "formal, legalistic sense" in the context of non-solicitation agreements, and that "neither party cited those decisions." Dkt. 90 at 8. IW then argues that these cases impose a "heightened" standard, and that it "has not had an opportunity to respond or explain why . . . the Court should not have relied on them. *Id*. at 9. By relying on these cases to define "solicitation" of IW employees, IW claims, the Court committed a "manifest error of fact or law." *Id*. (quoting L.R. 60.1). This argument is meritless.

IW invited this approach. While IW's Motion for Reconsideration only mentions the *Eckard* and *Dweck* cases cited in its summary judgment motion, IW's

Summary Judgment Reply cited numerous cases defining solicitation "[i]n the context of employee non-solicitation agreements," as this Court did.[1]  Dkt. 90 at 8 (quoting Dkt. 83, Order, at 20.)  In fact, each of the seven cases IW cites in its Reply for its duty of loyalty claim involve non-solicitation agreements, and at least one of them defines "solicitation" in a non-solicitation covenant and does not include a breach of the duty of loyalty claim.  *BRP Colleague Inc. v. Gillen*, 2023 WL 3641954, *11 (N.D. Ga. Mar. 7, 2023) ("Defendants argue that Plaintiffs' claim [for breach of a non-solicitation covenant] fails as a matter of law because there is no evidence of active solicitation.").

Other cases IW cites address the definition of "solicitation" where there is a written non-solicitation agreement in the TRO or preliminary injunction context. *See, e.g., Merrill Lynch, Pierce, Fenner & Smith v. McClafferty*, 287 F. Supp. 2d 1244, 1248 (D. Haw. 2003) (request for a TRO to enforce restrictive covenants, including a nonsolicitation of customers provision) (Dkt. 71 at 11); *see also Technomedia Sols., LLC v. Scopetto*, No. 6:13-CV-1061-ORL-36, 2013 WL 6571558, at *1 (M.D. Fla. Dec. 13, 2013) (motion for preliminary injunction; "[a]t issue in this case is Scopetto's alleged brief of the non-solicitation clause in the Non-Compete Agreement") (Dkt. 71 at 12); *Mercator Risk Servs., Inc. v. Girden*, 2009

---

[1] In fact, IW cited in its Reply one of the cases this Court cites in discussing solicitation, *MAI Sys. Corp. v. Peak Computer, Inc.*, 991 F.2d 511 (9th Cir. 1993), although IW cited it for a different point.  *See* Dkt. 71 at 17 n.6; Dkt. 83 at 20.

WL 466150, at *5 (S.D.N.Y. Feb. 23, 2009) (motion for preliminary injunction in case involving alleged brief of written nonsolicitation agreement) (Dkt. 71 at 11-12 n. 3).

IW also cites an employee-non-solicitation-agreement case to discuss the definition of solicitation in the context of solicitation of employees. *Seniorlink Inc. v. Landry*, 2021 WL 3932309, at *7 (D. Mass. Sept. 2, 2021). *See* Dkt. 71 at 15 n. 4. Like the other cases in IW's Reply, *Seniorlink* involves an alleged breach of a non-solicitation agreement. *Id*., at *7. But in that case, the district court quoted extensively from the non-solicitation clause for its analysis of whether the former employee had breached it. Thus, the definition of solicitation the *Seniorlink* court used was coupled to that particular agreement, which does not apply here, and there is no written non-solicitation agreement here.

It appears IW is arguing that there is a difference between the definition of solicitation in 1) non-solicitation agreement cases where the cause of action is violation of an employment contract, and 2) non-solicitation agreement cases where the cause of action is breach of the duty of loyalty. From there, IW argues that there is a "formal legalistic" or "heightened" solicitation definition, which IW contrasts with the "broad, generic, colloquial" definition they now press. But there are not two competing definitions of solicitation here; there is no difference. In both types

of cases, the courts have to define solicitation to determine whether there was a breach.  And they do so by looking to the same body of caselaw.

For example, this Court cites *Prudential Locations, LLC v. Gagnon*, 151 Haw. 136, 147, 509 P.3d 1099, 1110 (2022), as amended (Apr. 1, 2022), on page 20 of its Order.  The *Prudential Locations* court was charged with determining whether an employee had breached a non-solicitation clause by "induc[ing] or encourag[ing] [employees] to terminate their relationship with the Company."  *Id*. at 147 (alterations in original).  The court noted that "[o]ur law does not clearly define "solicitation," and cited cases from other jurisdictions defining "solicitation" as "requir[ing] an active initiation of contact" and a showing that the employee "personally induced employees to leave the company."  *Id*.

Next, this Court quoted the "request or plea" language from *Atmel* that is cited in *Prudential Locations* in determining that the facts "d[id] not establish that Evans approached any coworker with a 'request or plea' to leave IW.  This Court concluded, "IW has not established for summary judgment purposes that Evans solicited his colleagues." Dkt. 83 at 22.  The "request or plea" language is similar to the definition IW advocates in its Reply:  "Solicitation means 'to endeavor to obtain by asking or appealing.'"  Dkt. 71 at 13 (quoting *BRP Colleague Inc.*, 2023 WL 3641954, at *11 (construing non-solicitation agreement).

In fact, the *BRP Colleague* case IW cites in its Reply quotes another Georgia case, *Akron Pest Control v. Radar Exterminating Co.*, 455 S.E. 2d 601, 602–03 (Ga. Ct. App. 1995). The *Akron Pest Control* case has also been cited by the Supreme Court of the State of Hawaii for the definition of "solicitation." In *Aluminum Shake Roofing, Inc. v. Hirayasu*, 110 Haw. 248, 255 (2006), the Supreme Court looked to other jurisdictions to determine what it meant to "solicit" a transaction, and relied on *Akron* that "to 'solicit' a transaction requires a personal petition and an intent to rouse a desire in, or to excite to action, the individual being solicited." *Id.* at 255 n.6, quoting *Akron*, 455 S.E. 2d 603.

Not only is IW's argument that this Court erred in relying on cases involving nonsolicitation agreements meritless, it also misses the point: these cases *do* clarify the definition of solicitation in the context of a breach of duty of loyalty claim that is not tied to the language of an agreement. IW's attempt to distinguish non-solicitation agreement cases defining solicitation without a breach of duty of loyalty claim from those with such a claim fails. The Court properly cited to cases defining "solicitation" to assess IW's breach of fiduciary duty claim. That definition is similar to the one IW advocated in its Reply, which it now appears to have disavowed. In any event, IW has fallen far short of showing that this Court committed "manifest error."

**2.  IW cannot make new arguments in a motion for reconsideration.**

IW appears to concede that it was "unclear" in its summary judgment briefing and at oral argument that it wishes to promote a breach of duty of loyalty claim separately from alleged solicitation.  Dkt. 90 at 8.  But the problem with IW's argument is not a lack of clarity.  The problem is that IW has not made this argument before this Motion.  IW is now arguing that it "need not prove 'solicitation' in the formal legalistic sense that the Court uses to establish that Evans breached his duty of loyalty."  Dkt. 90 at 8.  IW has never made that argument; in fact, it has "clearly" argued that Evans breached his duty of loyalty by "(i) soliciting IW customers to move their business to SS, and (ii) soliciting IW employees to join SS."  Dkt. 27-1 at 16.  IW thus seeks to improperly use its Motion to "raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc.*, 229 F.3d at 890. IW's argument that Evans' conduct "otherwise constitutes a breach of his duty of loyalty to IW" is new, untenable, and does not constitute "facts or law of a 'strongly convincing" nature to induce the court to reverse its prior decision." *Jacob v. United States*, 128 F. Supp. 2d 638, 641 (D. Haw. 2000).  It cannot establish a "manifest error."

IW is not really asking this Court to reconsider its definition of "solicitation." Instead, IW argues that this Court should have considered a free-floating claim for breach of the duty of loyalty, untethered from the alleged solicitation of employees,

based on the Restatement (Second) of Agency–which it did not cite before its Motion for Reconsideration—and *Eckard Brandes*.

### a. The Restatement does not provide an independent cause of action for "breach of the duty of loyalty"

To support its new argument, IW asserts that *Eckard Brandes* "has remained good law for 20 years, and no Court in Hawai'i has ever disavowed it."  Dkt. 90 at 13.  IW goes on to cite three Hawaii cases—it turns out, the *only* three cases—that cite *Eckard* for that proposition.  But all are distinguishable, and none supports a free-floating, generic "duty of loyalty" that can fill the gaps in IW's claim.  In any event, IW failed to raise them before this Motion, and thus this newly-manufactured argument cannot possibly be the basis for a proper reconsideration.

For example, in *Villon v. Marriott Hotel Services, Inc*., 130 Hawai'i 130, 150 (2013), which IW cites on p. 13, an employee claimed he was entitled to hotel service charges that he alleged were gratuities.  In that case, a concurring opinion made the unremarkable observation that "the common law of Hawai'i *suggests* that employees have a duty not to compete with their employers." *Id*. (emphasis added).  The *Villon* court relied on another case IW cites in its Motion, *Rodriguez v. Starwood Hotels & Resorts Worldwide, Inc*., 2010 WL 8938524, at *20 (D. Haw. Dec. 29, 2010).  That case also involved an employee dispute over gratuities.  And in *Admor HVAC Prod., Inc. v. Lessary*, No. CV 19-00068 SOM-KJM, 2019 WL 2518105, at *11 (D. Haw.

June 18, 2019), which IW cites on p. 13, the court indeed cites to *Eckard* and its

quotation of the Restatement (Second) of Agency § 393), comment e:

> Although an employee 'is entitled to make arrangements to compete'
> with his employer prior to terminating the employment relationship, the
> employee is not 'entitled to solicit customers for such rival business
> before the end of his employment.'

*Id*. at *11.  In *Admor*, the evidence showed that an employee, while working for

Admor, began running a competing company, through which he communicated with

Admor's customers and vendors, and even made sales and sought commissions for

his competing company.

IW also relies on the Restatement (Second) of Agency to recast its claim

against Evans as a breach of a general "duty not to compete with the principal

concerning the subject matter of his agency."  Dkt. 90 at 14 (quoting Restatement

(Second) of Agency § 393.  But the cases citing to the Restatement (Second) of

Agency simply show that the general "duty of loyalty" contained in the Restatement

is not a cause of action on its own, but rather used to analyze whether conduct such

as soliciting customers or employees while a current employee breaches the duty of

loyalty set forth in the Restatement.

Despite never citing to its Restatement-based theory before, IW now includes

two full pages of argument based on the Restatement (Second) of Agency, §§ 393,

394, 395, and various comments thereto, and claims that it stated that standard

"succinctly" in its summary judgment brief at page 16.  Dkt. 90, pp. 14-15.  Not so.

11

The words "restatement" and "agency" do not appear in IW's summary judgment brief, on page 16 or otherwise, or in its reply; rather, the "standard" IW recites is a one-line citation to *Eckard* that the duty of loyalty "prohibits employees from competing against their employer during the course of employment." *Id*. at 20.  And in the very next sentence of its summary judgment brief, IW leaves no doubt that it is arguing the type of prohibited competition against one's employer is the solicitation of customers or employees: "Here, the undisputed facts show that Evans breached this duty to IW by, while employed by IW: (i) soliciting IW customers to move their business to SS, and (ii) soliciting IW employees to join SS. *Id*.

IW argues that it "need not prove 'solicitation' in the formal legalist sense to establish that Evans breached his duty of loyalty.  Rather, IW claims it must simply prove that Evans acted for Smart Source "in an undertaking that has a substantial tendency to cause [Evans] to disregard his duty to serve [IW] with only [IW's] purposes in mind" and  because Evans "has a duty not to act for a competitor of [IW] unless this is permitted by the understanding of the parties."  Dkt. 90 at 10 (quoting Restatement § 394, cmt. a).  IW quotes liberally from the Restatement, but cites no case that relies on this loose standard to find a breach of the duty of loyalty.

### b.    IW's newly-cited cases should be disregarded and do not support its argument

IW acknowledges "[t]here is a dearth of caselaw from Hawai'i courts concerning what constitutes a breach of the duty of loyalty in addition to coworker

solicitation." Dkt. 90 at 18. IW then goes on for ten pages to cite previously-uncited cases from federal and state courts in California, Minnesota, and Delaware to support its argument that Evans' conduct breached the duty of loyalty "even if Evans's conduct involving his coworkers does not, in the Court's view, rise to the level of formal 'solicitation.'" Dkt. 90 at 12.

For one thing, this Court need not consider IW's new argument and new cases. Nor should it; none of the cases IW cites support its argument. Despite IW's failure to cite these cases before its Motion for Reconsideration, Evans will briefly demonstrate why they do not support IW's new argument.

IW leans heavily on two cases, *Bancroft–Whitney Co. v. Glen*, 64 Cal.2d 327, 351, 411 P.2d 921, 939 (Cal. 1966), and *Thomas Weisel Partners LLC v. BNP Parabas*, 2010 WL 1267744, at *9 (N.D. Cal. Apr. 1, 2010), to support its novel argument that "[t]o establish a breach of the duty of loyalty, IW need not prove that Evans 'solicited' his coworkers." Dkt. 90 at 13. Instead, IW argues, it need only show that Evans breached his duty of loyalty by "competing" with IW, by "act[ing] for a competitor of IW," or otherwise engaging in "disloyal conduct." Dkt. 90 at 14-16 & n.2. Those cases are distinguishable, and do not support IW's argument.

In *Bancroft Whitney*, the former President and Director, Glen, was accused of breaching his fiduciary duties to his company by orchestrating a raid of editing staff on behalf of a competitor he intended to join. The Supreme Court of California set

forth "[t]he general rules applicable to the duties of a corporate officer" as set forth in a "leading case" from Delaware Court of Chancery, *Guth v. Loft*, 23 Del. ch. 255, 5 A.2d 503, 510 (1939):  "Corporate officers and directors are not permitted to use their position of trust and confidence to further their private interests" and "stand in a fiduciary relation to the corporation and its stockholders."  *Bancroft Whitney*, at 345 (quoting *Guth* at 510).  The Court then cites a provision of the Corporations Code governing the duties of a corporate officer to "exercise his powers in good faith."  *Id.* at 345.

Thus, when the Court discusses whether the President's conduct constituted a breach of his fiduciary duty of loyalty, it did so in the context of the *Guth* court's definition of a fiduciary.  *See Bancroft-Whitney*, at 347-48 ("[T]he conduct of Glen in the present case, when assessed by the [Delaware Chancery Court] standards set forth above, amounts to a breach of his fiduciary duties to plaintiff as a matter of law.").

The *Bancroft-Whitney* Court found that Glen breached his duty of loyalty based on conduct that included "facilitating" or "enabling" solicitation but, contrary to IW's claim, did not do so on conduct "just as Evans did here."  Dkt. 90 at 20.  IW correctly cites the *Bancroft-Whitney* Court's conclusion that "[t]he assistance given by Glen to the solicitation of [his coworkers] is also to be condemned as a breach of his fiduciary duty."  *Id.* at 352.  But that conduct, engaged in by the company's then-

14

President, with his heightened fiduciary duties as an officer, included aggressive, targeted tactics to induce editors to leave.  *Id*. at 352.  In addition, Glen "personally approached [five senior employees] and offered them employment," and regularly corresponded with the competitor to discuss his progress.  *Id*. at 342-343.  Even if Glen, as President of the Company, were not held to a different standard, his conduct goes far beyond the disputed conduct of which IW accuses Evans; other than having his co-workers over for dinner and passing along questions to Horn, most of IW's allegations against him are disputed.  Thus, the *Bancroft-Whitney* case does not support IW's novel argument.

The other case IW cites as "virtually Indistinguishable" and "eerily similar" to this case is *Thomas Weisel Partners LLC v. BNP Parabas*, 2010 WL 1267744 (N.D. Cal. Apr. 1, 2010) (which relies heavily on *Bancroft-Whtiney*).  Dkt. 90 at 22.  But, as in *Bancroft-Whitney*, the defendant's conduct at issue in *Thomas Weisel* case is easily distinguishable from Evans' conduct here, and in any event applies a different standard and is not on point.

Citing *Bancroft-Whitney* and *Guth*, the *Thomas Weisel* court set for the applicable standard:

> Corporate officers and directors stand in a fiduciary relation to the corporation and its stockholders and are not permitted to use their position of trust and confidence to further their private interests. *Bancroft–Whitney Co. v. Glen*, 64 Cal.2d 327, 345 (1966) (quoting 4 *Guth v. Loft, Inc*., 5 A.2d 503, 510 (Del. 1939)). A rule established by public policy "'demands of a corporate officer or director, peremptorily

and inexorably, the most scrupulous observance of his duty.'" *Id*. A company's fiduciaries are not limited solely to those individuals who exercise "top-level control"; rather, "an officer who participates in management of the corporation, exercising some discretionary authority, is a fiduciary of the corporation as a matter of law.

*Id*., at *5 (quoting *GAB Bus. Servs., Inc. v. Lindsey & Newsom Claim Servs.*, Inc., 83 Cal. App. 4th 409, 420–21, 99 Cal. Rptr. 2d 665 (2000)).

This Court need go no further in considering the *Thomas Weisel* case; unlike the defendant there, Evans was not a director or "an officer who participates in management of the corporation."  Moreover, the conduct the company's Director, Chakravarty, engaged in goes far beyond Evans' conduct here.  A few examples:

- Chakravarty visited members of the new venture and introduced the BNNP representatives to six of the analysts he managed, *id.* at *2

- Chakravarty prepared a spreadsheet including key members of his team, their current compensation, the compensation he proposed for them at the new venture, and a proposal for his own compensation ($500,000) and perks (a house, payment of tuition for his children's school), *id.* at *3

- Chakravarty "reviewed the contracts" for the identified members of his team and was "getting analysts to sign them" *id*. at *4.

In addition, Chakravarty occupied a much more senior position at Thomas Weisel than Evans did at IW; Chakravarty was a member of the company's Board of Directors and was a Director, Principal, and Head of Research who ran and managed one of the subsidiaries, Discovery Research, and its 50 employees.  *6.

IW cites *Thomas Weisel* for the proposition that "nothing in *Bancroft-Whitney* indicates that solicitation, encouragement or coercion are prima facie elements

16

necessary for a finding of breach of fiduciary duty" and that "the fiduciary duty is breached when an employee … engages in 'a consistent course of conduct … designed to obtain for a competitor those of plaintiff's employees whom the competitor could afford to employ and would find useful.'"  Dkt. 90 at 24-25.  But IW ignores the special context in which *Bancroft-Whitney* and *Thomas Weisel* arose: the accused disloyal "employee" was a high level corporate officer (President, Director) and was expressly judged according to the "fiduciary" standard set forth by the Delaware Court of Chancery.  The cases are entirely irrelevant and unhelpful, and can be disregarded by this Court.

### 3. IW has not asked this Court to reconsider its conclusions about whether there are material facts in dispute.

Confusingly, IW argues, in a lengthy footnote, that the Court "did not address whether some of the disloyal conduct IW alleged was undisputed" and lists several examples.  Dkt. 90 at 10-11 n. 2:

IW allegation:

"Evans hosted his coworkers for a meeting in his home on December 13, 2019, to convey Smart Source's offer of employment and to collect their feedback"

Court's Order (Dkt. 83 at 21):

The parties dispute, for example, the content of Evans' communication to IW colleagues when they met at his home in December 2020, and Evans denies he conveyed any offer of employment from Smart Source (citing Evans' denial in his SOF ¶ 16 that "there is no evidence that Evans 'conveyed SS's offer of employment").

<u>IW allegation:</u>

"Evans sent confidential IW information, including transactional projections that include confidential information such as revenue, gross margin, and gross margin percentage of the IW sales reps to Horn on January 15, 2020."

<u>Court's Order (Dkt. 83 at 29):</u>

"[F]actual disputes abound" on whether certain information, including transactional projections, were confidential and constituted trade secrets.

IW goes on to claim, in the same footnote, that the Court "certainly did not hold that there *is* a genuine issue of material fact with respect to any of these allegations." *Id*. at 11 n.3.  But, as the above shows, it did.

IW also argues that "the Court can, and should, find that all of the conduct outlined in Paragraphs 13-22 of the Statement of Undisputed Facts (ECF No. 28)— if not all of the facts outlined therein—and summarized on page 17-18 of IW's Motion for Summary Judgment, are undisputed for the reason set forth therein." *Id*. at 11 n.2.  To the extent IW is asking this Court to reconsider its Order on these issues, too, it has fallen far short of making that argument.

Evans' alleged solicitation of customers and employees is what IW's breach of loyalty claim has always been about, as IW states repeatedly in its Complaint and in its summary judgment briefing.  It cannot now recast its claim as a generic "duty of loyalty" claim and complain that this Court committed "manifest error" by failing to apply a standard that IW never asked this Court to apply.  Even if it had, however, that argument would fail; there is no support, either in the cases IW cited or in the

myriad new cases it included in its Motion for Reconsideration, for such an untethered, amorphous "duty of loyalty" claim.

WHEREFORE, Evans respectfully request that this Court deny IW's Motion and grant any other relief that this Court deems just and proper.

DATED: Honolulu, Hawai'i, February 2, 2024.

/s/ Jennifer W. Corinis
JENNIFER W. CORINIS (Pro Hac Vice)
MARGERY BRONSTER
LANSON KUPAU
Attorneys for Defendant RAYMOND EVANS