IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HH ASSOCIATES, U.S., INC., as successor to INNER WORKINGS, INC., <br><br>　　　　　Plaintiff, <br><br>　　vs. <br><br>RAYMOND EVANS, <br><br>　　　　　Defendant. | ) Civil No. 22-00062 JAO-KJM <br> ) <br> ) ORDER DENYING DEFENDANT <br> ) RAYMOND EVANS' MOTION TO <br> ) AMEND AMENDED RULE 16 <br> ) SCHEDULING CONFERENCE <br> ) ORDER <br> ) <br> ) <br> ) <br> ) <br> ) |

ORDER DENYING DEFENDANT RAYMOND EVANS' MOTION TO
AMEND AMENDED RULE 16 SCHEDULING CONFERENCE ORDER

　　On April 1, 2024, Defendant Raymond Evans ("Evans") filed a Motion to Amend Amended Rule 16 Scheduling Conference Order, Filed March 5, 2024 ("Motion").  ECF No. 100.  On April 11, 2024, Plaintiff HH Associates, U.S., Inc. ("HH") filed an Opposition.  ECF No. 103.  On April 18, 2024, Evans filed a Reply.  ECF No. 104.  The Court held a hearing on the Motion on April 25, 2024.  ECF No. 107.  Lanson K. Kupau, Esq., appeared on behalf of Evans.  Christopher J. Cole, Esq., appeared on behalf of HH.

　　After carefully considering the submissions, relevant legal authority, record in this case, and arguments of counsel, the Court DENIES the Motion for the reasons set forth below.

## BACKGROUND

On July 6, 2022, the Court issued a Rule 16 Scheduling Order and set trial for January 16, 2024 before the district judge.  ECF No. 22.  On March 5, 2024, the Court held a conference and discussed resetting the trial date.  ECF No. 97.  The Court continued the trial date from January 16, 2024 to September 3, 2024.  ECF Nos. 97, 98.  After Evans agreed to the September 3, 2024 trial date, Evans "learned that his damages expert for this case, Briggs Stahl of Baker and Tilly, decided to retire as of May 31, 2024."  ECF No. 100 at 2.  Mr. Stahl's malpractice coverage expires a month later, on June 30, 2024.  *Id.*  Because Mr. Stahl will arguably be unavailable to testify at the September 3, 2024 trial, Evans moves to amend the operative Rule 16 Scheduling Order.  *Id.*

## LEGAL STANDARD

Evans' Motion is governed by Federal Rule of Civil Procedure 16(b)(4).  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) (stating that "[o]nce the district court ha[s] filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which establishe[s] a timetable for amending pleadings that rule's standards control[]").  Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).

2

The good cause standard "primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. Courts in the Ninth Circuit have held that the district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* (citations omitted). However, "if the party seeking the modification was not diligent, the court should deny the motion." *Jackson v. United States*, Civil No. 11-00308 ACK-RLP, 2012 WL 2190815, at *1 (D. Haw. June 13, 2012) (citation omitted); *Johnson*, 975 F.2d at 609 ("If that party was not diligent, the inquiry should end."). This is because "[a]llowing parties to disregard the Rule 16 Scheduling Order would 'undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier.'" *Ass'n of Apt. Owners of Imperial Plaza v. Fireman's Fund Ins. Co.*, Civ. No. 11-00758 ACK-KSC, 2013 WL 2156469, *3 (D. Haw. May 16, 2013) (*quoting Johnson*, 975 F.2d at 609).

The diligence inquiry focuses on the following factors:

> whether the movant was diligent in helping the court to create a workable Rule 16 order; whether matters that were not, and could not have been, foreseeable at the time of the scheduling conference caused the need for amendment; and whether the movant was diligent in seeking amendment once the need to amend became apparent.

3

*Coles v. Eagle*, Civil No. 09-00167 LEK-BMK, 2013 WL 1856002, at *2 (D. Haw. Apr. 30, 2013) (citation omitted).  Prejudice to the party opposing the modification can supply additional reasons to deny a motion.  *Id.* (citation omitted).

## DISCUSSION

Evans moves for an order:  (i) advancing the trial date to June 10, 2024; or alternatively (ii) reopening expert discovery to permit Evans to retain a new expert.  ECF No. 100 at 2.  The Court finds that both forms of relief requested are precluded by Evans' lack of diligence and the resulting prejudice to HH.

The only information Evans has provided the Court regarding Mr. Stahl is that Mr. Stahl "decided to retire."  *Id.*  The Court finds it remarkable that an expert witness on whom Evans so critically relies, and over whom the parties have already intensely litigated, is retiring and is unavailable to testify without further explanation.

There is no evidence that Mr. Stahl is actually unavailable, i.e., that he and Evans cannot negotiate a resolution in which he testifies as he was presumably retained to do.  Mr. Stahl did not provide a declaration to support the Motion.  Nor has Evans provided the Court with any information regarding Mr. Stahl's retention, including what, if anything, the parties agreed to regarding Mr. Stahl's trial testimony.  If, for example, Mr. Stahl agreed to testify at trial, Evans may have contractual remedies for this situation.  If, on the other hand, Mr. Stahl is not

contractually bound to testify at trial, then this situation might result from a foreseeable risk that Evans took.

As the parties know, it was Evans who ultimately requested the September 3, 2024 trial date during the March 5, 2024 conference. On this thin record, where the only fact before the Court is that Evans learned of Mr. Stahl's retirement at some point after the March 5, 2024 conference, the Court cannot find the diligence required to afford the relief requested.

Moreover, the significant prejudice to HH in granting either form of requested relief provides a further basis for denying the Motion. As Evans knew when he filed the Motion, HH is unavailable for a June 10, 2024 trial. The Motion avoids addressing this crippling prejudice to HH, and simply asks the Court to advance the trial to a date where HH is knowingly unavailable. Advancing the trial in this manner would be patently unfair, and the Court denies that request.

Alternatively, Evans requests leave to substitute a new expert and reopen expert discovery. As noted in the Opposition, though, Evans did not meet and confer regarding this request. ECF No. 103 at 23. The Court therefore denies the Motion in part on this procedural basis. Substantively, HH has already invested substantial resources with respect to Mr. Stahl, and the Court has already excluded some of Mr. Stahl's opinions. *See* ECF No. 93 at 25–30. Restarting expert discovery would be highly prejudicial to HH, which would have to engage in

5

costly discovery and likely motion practice as to this new expert. This relief would also provide Evans a windfall opportunity to get a "do-over" on his damages expert, after the Court has already narrowed Mr. Stahl's permissible testimony. Such a result would be demonstrably unfair and provides additional grounds to deny the Motion.

## CONCLUSION

Pursuant to *Johnson*, if the party seeking modification of the scheduling order was not diligent, "the inquiry should end." *Johnson*, 975 F.2d at 609. Prejudice to the party opposing modification may supply additional reasons to deny modification. *Id.* Accordingly, and for the foregoing reasons and authorities, the Court DENIES the Motion.

IT IS SO ORDERED.

Dated: Honolulu, Hawaii, April 29, 2024.



Kenneth J. Mansfield
United States Magistrate Judge

*HH Associates, U.S., Inc. v. Evans*; Civil No. 22-00062 JAO-KJM; Order Denying Defendant Raymond Evans' Motion to Amend Amended Rule 16 Scheduling Conference Order