**MARR JONES & WANG**
A LIMITED LIABILITY LAW PARTNERSHIP

CHRISTOPHER J. COLE                     5781-0
  (*ccole@marrjones.com*)
RONALD TANG                             11034-0
  (*rtang@marrjones.com*)
Pauahi Tower
1003 Bishop Street, Suite 1500
Honolulu, Hawai'i 96813
Tel. No. (808) 536-4900
Fax No. (808) 536-6700

PETER A. STEINMEYER (Pro Hac Vice)
(MO Bar 38305; IL Bar No. 6211874)
  (*psteinmeyer@ebglaw.com*)
A. MILLIE WARNER (Pro Hac Vice)
  (*mwarner@ebglaw.com*)
ERIK W. WEIBUST (Pro Hac Vice)
  (*eweibust@ebglaw.com*)
CAROLYN BOUCEK (Pro Hac Vice)
  (*cboucek@ebglaw.com*)
EPSTEIN BECKER & GREEN, P.C.
227 West Monroe Street, Suite 4500
Chicago, IL  60606
Tel. No. (312) 499-1400

Attorneys for Plaintiff
HH ASSOCIATES, U.S., INC.,
as successor to INNERWORKINGS, INC.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| HH ASSOCIATES, U.S., INC., as successor to INNERWORKINGS, INC., | CIVIL NO. CV22-00062 JAO-KJM |
| Plaintiff, | PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S MAY 23, 2024 ORDER DENYING PLAINTIFF'S MOTION TO COMPEL SUPPLEMENTATION OF DISCOVERY RESPONSES [ECF NO. 113] PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 72 |
| vs. | |
| RAYMOND EVANS, | |
| Defendant. | |
| | Trial Date: September 3, 2024 Time: 9:00 a.m. Judge: Hon. Jill A. Otake |

1572787.1

# **TABLE OF CONTENTS**

I.      INTRODUCTION ......................................................................... 1

II.     BACKGROUND ........................................................................... 1

        A.      IW Diligently Conducted Discovery Regarding the
                Existence of Indemnity......................................................... 2

        B.      When IW Commenced the Hawaii Litigation, the Parties
                Agreed that Discovery Taken in the Florida Action Could
                Be Used in the Hawaii Action, Including that the Rule 45
                Subpoena Duces Tecum Would Be Treated as a Rule 34
                Document Request in the Hawaii Litigation ......................... 6

        C.      Evans's Prior Counsel, Attorney Hildebrand, Confirmed
                that Smart Source Agreed to Indemnify Evans.................... 6

        D.      IW Reasonably Relied on Evans's Indemnity Affirmative
                Defense. ............................................................................... 7

        E.      Evans's New Counsel Disavowed Indemnity for the First
                Time on March 5, 2024 ........................................................ 8

        F.      The Magistrate Judge's Denial of IW's Request for
                Supplementation of Discovery on Indemnity, Including
                Any Documents Related to Plaintiff's Change in Position
                on This Important Issue ....................................................... 9

III.    LEGAL STANDARD ................................................................ 10

IV.     ARGUMENT.............................................................................. 10

        A.      The Magistrate Judge's Order Denying IW's Motion for
                Limited Supplementation on the Issue of Indemnity is
                Prejudicial and Clear Error to the Extent it Differentiates
                Rule 45 Subpoenas from Rule 34 Requests Given the
                Parties' Agreement to Treat the Rule 45 Subpoena as a
                Rule 34 Document Request and the Unique Posture of
                this Case. ............................................................................ 10

i

B. The Magistrate Judge's Ruling that Neither Party took Discovery in this Case is Clear Error and Contrary to the Law of the Case.................................................................. 15

C. The Magistrate Judge's Order is Clear Error because it Fails to Account for Newly-Created Documents Confirming Indemnity that were Not Extant During Discovery........................................................................... 17

V. CONCLUSION............................................................................ 18

1572787.1

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Allflex USA, Inc. v. Avid Identification Systems, Inc.*,
  2009 WL 8591843 (C.D. Cal. Oct. 30, 2009) ....................................................11

*InnerWorkings v. Horn, et al.* ..................................................................................2

*Mansha Consult., LLC v. Alakai*,
  2017 WL 3659163 (D. Haw. Aug. 23, 2017) ....................................................17

*McAllister v. Adecco Grp., N.A.*,
  2016 WL 7477752 (D. Haw. Dec. 29, 2016) ....................................................10

*Reinsdorf v. Skechers U.S.A., Inc.*,
  2013 WL 12116416 (C.D. Cal. Sept. 9, 2013) ................................................11

*Thomas v. Bible*,
  983 F.2d 152 (9th Cir. 1993) ...........................................................................17

*United States v. U.S. Gypsum Co.*,
  333 U.S. 364 (1948)...........................................................................................10

## RULES & REGULATIONS

Fed. R. Civ. P. 1 ....................................................................................................13

Fed. R. Civ. P. 16 ............................................................................................11, 15

Fed. R. Civ. P. 26(e)..............................................................................................14

Fed. R. Civ. P. 26(f) and 16 ..................................................................................15

Fed. R. Civ. P. 34 ...........................................................................................passim

Fed. R. Civ. P. 45 ...........................................................................................passim

Fed. R. Civ. P. 72(a)....................................................................................1, 10, 19

Local Rule 7.1(c)......................................................................................................9

1572787.1

Local Rule 74 ............................................................................................19

Local Rule 74.1(a).................................................................................1, 10

iv

**PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S MAY 23, 2024 ORDER DENYING PLAINTIFF'S MOTION TO COMPEL SUPPLEMENTATION OF DISCOVERY RESPONSES [ECF NO. 113] PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 72**

Plaintiff HH Associates, U.S., Inc. as successor to InnerWorkings, Inc. ("IW"), respectfully objects to The magistrate judge's May 23, 2024 Order [ECF No. 113] denying Plaintiff's Motion to Compel Supplementation of Discovery Responses (the "Motion") [ECF No. 105], which was limited to compelling Evans to supplement his responses on the narrow issue of Smart Source's agreement to indemnify Evans pursuant to Federal Rule of Civil Procedure 72(a) and Local Rule 74.1(a).

## I.    INTRODUCTION

IW objects to the magistrate judge's subject order, because he overlooked a key factual distinction when he ruled based on what he perceived to be the "[i]ron[y]" of IW's arguing both sides of the same issue.  IW respectfully asks this Court to review whether or not the magistrate judge clearly erred by not resolving a key issue of fact underpinning IW's requested relief that distinguished the subject motion from the relief Defendant Raymond Evans ("Evans") previously sought.

## II.    BACKGROUND

The Court is familiar with the facts and procedural history presented in this case and the undersigned will endeavor to limit these Objections to only the most salient points as set forth in Plaintiff's Motion and supporting brief:

**A.   IW Diligently Conducted Discovery Regarding the Existence of Indemnity**

IW pursued the topic of SS's indemnification of Evans from the start of the related case of *InnerWorkings v. Horn, et al.*, pending in the United States District Court for the Middle District of Florida, Case No. 8:21-cv-903 (the "Florida Action"), the filing of which preceded the commencement of the instant litigation.

For instance, IW issued a Rule 45 subpoena on Evans requesting: "All documents and communications regarding any actual or potential offer or agreement to indemnify You and/or to pay Your legal expenses in connection with any claim by InnerWorkings arising from the cessation of Your employment at InnerWorkings, commencement of employment with Smart Source, or solicitation of InnerWorkings employees or customers." (ECF No. 105-4.) Evans did not object or provide any written response; rather, he produced a handful of responsive documents, which included an email to Horn asking her to "please protect me." (ECF No. 105-5.) He explained at his deposition that this was a request for indemnity. (ECF No. 105-6 at 120:23–121:5.)

Smart Source responded to similar discovery requests concerning its "agreement to indemnify . . . any of the InnerWorkings Sales Employees and/or to pay their legal expenses," by indicating that while it "has no formal agreements," it would "produce non-privileged responsive documents in its production," indicating, at the very least, an "informal" agreement to indemnify the employees.  (ECF No.

2

105-7 at No. 13.) Further confirming this "informal" agreement, Smart Source then produced documents showing that, as they were being recruited by Smart Source, IW's Hawaii sales reps were concerned about possible liability in connection with joining Smart Source and that Smart Source offered to indemnify them to induce them to join Smart Source. (ECF No. 105-8.) To illustrate, Smart Source produced an email from the day after a Smart Source recruiting dinner which Smart Source hosted in Hawaii for the IW Hawaii sales reps in which Smart Source's senior executive Scott Rich emailed one of the IW Hawaii sales reps: "[P]lease accept this email as written confirmation of Tom D's comments during our dinner last week regarding standing behind your group should a legal action take place. As Tom also discussed, this would be based on following the directions of our attorney should a legal action take place." (ECF No. 105-8.) In a subsequent email in the same chain, Rich again confirmed that Smart Source would indemnify the entire group and the sales rep involved indicated she would inform the group for their records:

From:          Scott Rich <srich@smartsourcellc.com>
Sent:          Thursday, January 30, 2020 1:59 PM
To:            Lori Iwata
Subject:       RE: Smart Source Employment Documents - Revised Offer Letter Date

That would not be a problem at all.

Thanks Lori!
Scott

From: Lori Iwata <lori@myiwata.com>
Sent: Thursday, January 30, 2020 2:11 AM
To: Scott Rich <srich@smartsourcellc.com>
Subject: Re: Smart Source Employment Documents - Revised Offer Letter Date

Hi Scott,
Confirming I received this email regarding the discussion Tom D'Agostino had with our group should a legal action take place.

Would you mind if I share this with the others for their record?

Thanks again Scott,
Lori

*Id*.

Smart Source also produced documents showing that once IW sent cease and

desist letters to the sales reps (indicating that litigation was imminent), Rich

confirmed for a third time that Smart Source would take care of it and provided

instructions to the sales reps regarding communications with IW's attorneys:

> Should any of you [including Evans] receive a
> communication from an attorney representing IW, beyond
> your Cease and Desist, which we are aware of, please
> forward that communication to me. In addition, please do
> not respond to any legal communications, as we are having
> our attorney handle any and all interaction with IW
> attorneys. This allows us to assure a single, consistent
> point of communication from Smart Source. Currently, we
> have nothing new to report of the legal front. We will make
> sure we keep each of you [including Evans] in the loop
> should we hear anything of substance from their attorney.

4

1572787.1

(ECF No. 105-9.) Evans responded to that email as follows:



(ECF No. 105-10 (emphasis added).)

Following written discovery, IW diligently conducted additional discovery regarding the existence of indemnification. For instance, IW asked Smart Source's President, Jack Huber, whether Smart Source was indemnifying IW's former Hawaii sales reps, including Evans:

> Q:   Has [Smart Source] agreed to indemnify the former InnerWorkings Hawaii reps against potential litigation from InnerWorkings?

5

> A:     My understanding from [Smart Source's CEO, Tom D'Agostino] is that it has.

(ECF No. 105-11 at 242:23–243:4 (objection omitted).)

## B. **When IW Commenced the Hawaii Litigation, the Parties Agreed that Discovery Taken in the Florida Action Could Be Used in the Hawaii Action, Including that the Rule 45 Subpoena Duces Tecum Would Be Treated as a Rule 34 Document Request in the Hawaii Litigation**

When IW commenced the instant litigation against Evans, to offset the inefficiencies created by having two separate litigations, counsel for IW and Daniel Hildebrand, Esq., Evans's counsel at the time, agreed that discovery taken in the Florida Action could be used in the Hawaii Action, and specifically, to treat the Rule 45 subpoena duces tecum that IW had previously served on Evans as a Rule 34 document request in the Hawaii Action.. (ECF No. 105-2 at ¶ 11.) Evans benefitted from this agreement, as otherwise, IW would have served the same document requests that it previously served in the form of a Rule 45 subpoena in the form of a Rule 34 document request, and Evans would have to go to the expense and trouble of re-producing the documents he already had produced to IW.

## C. **Evans's Prior Counsel, Attorney Hildebrand, Confirmed that Smart Source Agreed to Indemnify Evans**

IW's reasonable belief that Smart Source had agreed to indemnify Evans was further informed by Evans's own attorney, Daniel Hildebrand, who wrote to IW's

counsel as recently as September 10, 2023 confirming Smart Source's agreement to indemnify Evans:



(ECF No. 105-12.) Evans later filed an affidavit stating that Smart Source had informed him that Attorney Hildebrand "would be withdrawing" as Evans's counsel in the case. (ECF No. 60-1 at ¶ 9.)

### D.      IW Reasonably Relied on Evans's Indemnity Affirmative Defense.

Evans answered the Complaint on June 30, 2022. ECF No. 20. His answer asserted several affirmative defenses, including his fifteenth affirmative defense which states:

---

**FIFTEENTH DEFENSE**

35.    Assuming, solely for purposes of pleading this defense, any liability exists on the part of Defendant, which Defendant deny, such liability is passive and secondary, whereas the liability of other parties or third persons is active and primary and/or intervening and superseding, and such other parties and third parties are liable for ==indemnification== and contribution.

---

ECF No. 20 at 8 (emphasis added). IW reasonably relied on Evans's pleading that indemnification existed.

> **E.    Evans's New Counsel Disavowed Indemnity for the First Time on March 5, 2024**

The recitation of the numerous bases for IW's reasonable belief that Smart Source agreed to indemnify Evans with respect to this litigation demonstrates how jarring Evans's March 5, 2024 pre-trial about-face on this issue was. Attorney Bronster, who entered her appearance on behalf of Evans on October 30, 2023, disavowed any indemnity for the first time during the March 5, 2024 pre-trial conference before the magistrate judge, surprising IW's counsel. Counsel for both parties exchanged correspondence about their respective positions on indemnity, as described in the Motion. (ECF No. 106 at 16.)

**F.**    **The Magistrate Judge's Denial of IW's Request for Supplementation of Discovery on Indemnity, Including Any Documents Related to Plaintiff's Change in Position on This Important Issue**

IW sought clarity on Evans's abrupt change in position and requested that Evans amend his responses to the Rule 45 subpoena regarding indemnity, but he declined to do so. As indemnity is an important issue to the parties <u>and</u> relevant to this case as framed by the Complaint and Answer, IW filed the Motion to compel Evans to supplement his response or, alternatively, to reopen discovery to permit IW to serve a Rule 34 request on Evans regarding indemnity. (ECF No. 105.)

The magistrate judge denied the Motion without a hearing pursuant to Local Rule 7.1(c). (ECF No. 113.) The magistrate judge appears to have denied IW's request for supplementation on the grounds that there was purportedly a dispute about the parties' agreement regarding the use of discovery from the Florida Action included treating the Rule 45 subpoena as a Rule 34 document request in this litigation. (*Id.* at 2.) The magistrate judge denied IW's alternative request to reopen discovery for the purpose of serving a Rule 34 document request concerning indemnity. The magistrate judge considered IW's Motion to be untimely, noting that IW "has been aware that Evans claimed indemnity as an affirmative defense since June 30, 2022," and that Smart Source denied any written indemnity with Evans or other former [IW] employees." (ECF No. 113 at 2-3.) The magistrate judge ruled that any surprise by IW at Evans's recent denial of indemnity would have been found

9

out through exhaustive discovery, which IW did not diligently take, and therefore, the magistrate judge declined to reopen discovery. *Id*. at 4.

## III.   <u>LEGAL STANDARD</u>

A party may object to a magistrate judge's decision on a non-dispositive pretrial matter. Fed. R. Civ. P. 72(a); Local Rule 74.1(a). In the face of such objection, the district court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *McAllister v. Adecco Grp., N.A.*, 2016 WL 7477752, at *1 (D. Haw. Dec. 29, 2016) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

## IV.   <u>ARGUMENT</u>

The magistrate judge's Order meets the standard for "clearly erroneous" for several reasons.

### A.   <u>The Magistrate Judge's Order Denying IW's Motion for Limited Supplementation on the Issue of Indemnity is Prejudicial and Clear Error to the Extent it Differentiates Rule 45 Subpoenas from Rule 34 Requests Given the Parties' Agreement to Treat the Rule 45 Subpoena as a Rule 34 Document Request and the Unique Posture of this Case.</u>

First and foremost, IW's Motion requested an order compelling Evans to supplement his document request responses with responsive documents created after

10

the close of discovery. A party's duty to supplement its discovery request responses "continues even after the discovery period has closed," and includes "documents created after the close of discovery." *Reinsdorf v. Skechers U.S.A., Inc.*, 2013 WL 12116416, at *8 (C.D. Cal. Sept. 9, 2013) (citations omitted); *see also* ECF No. 105-13 (Transcript of the Telephonic Status Conference Before the honroble Kenneth J. Mansfield, March 5, 2024, at 10:21-11:3) (magistrate judge "agree[ing]" with Evans's counsel that "there's still an obligation on both sides to supplement the discovery responses under this [Rule 16 scheduling] order," and stating that the "obligation [to supplement] rolls through trial"). The duty to supplement is automatic, and "'does not depend on repeated requests by an adversary for updated information.'" *Id.* (quoting *Allflex USA, Inc. v. Avid Identification Systems, Inc.*, 2009 WL 8591843, at *4 (C.D. Cal. Oct. 30, 2009)). Thus, IW's request for supplementation should have been uncontroversial, and the Court should not have needed to reach IW's alternative request to reopen discovery for the limited purpose of serving a new document request concerning indemnification.

Although supplementation was IW's threshold request, the Court failed to address it. The Court referenced supplementation in only two sentences, asserting in its introductory paragraph that "the parties disagree whether th[e] agreement [that discovery from the Florida litigation could be used in the Hawaii litigation] includes treating a Rule 45 subpoena as if it were a Rule 34 document request in this case,

11

such that Evans must supplement his responses thereto," and "[b]ecause of this disagreement, HH seeks an order (i) requiring Evans to supplement his response to the Rule 45 subpoena in this case; or alternatively (ii) reopening discovery in this case so that HH can serve discovery on Evans." (ECF No. 113 at 2.) The Court then "denie[d] the Motion as untimely" and spent the balance of the Order explaining its reasons for denying IW's alternative request to reopen discovery.

The Court thus appears to have denied IW's request for supplementation on the grounds that there was a dispute between the parties over whether they had agreed to "treat[] [the] Rule 45 subpoena as if it were a Rule 34 document request in this case." *Id.* But there was no such dispute.

IW submitted a sworn declaration from its counsel, A. Millie Warner, who has been IW's counsel since the inception of this case, attesting on personal knowledge that at the outset of this case, the parties' counsel agreed that "discovery taken in the Florida Litigation could be used in this litigation," and, specifically, to "treat [IW's] prior subpoena and Mr. Evans's responsive document production as the equivalent of a Rule 34 document request in the Hawaii litigation and Mr. Evans's response thereto." (ECF No. 105-2 at ¶ 11.) In response, Evans's "*current counsel*," Lanson K. Kupau—who was not Evans's counsel until October 31, 2023 (ECF No. 54), nearly two years after this litigation was commenced and the parties reached their agreement regarding discovery—stated that he is "not aware of any

12

agreement made by Defendant's prior counsel…about converting the subpoena duces tecum…into a request for production of documents pursuant to Fed. R. Civ. P. 34." (ECF No. 111-1 at ¶ 3.)

Attorney Kupau's declaration that is he "not aware" of the agreement is simply an admission that he lacks personal knowledge. Attorney Kupau did not dispute that Evans's prior counsel reached this agreement with IW's counsel, nor could he, as he did not become Evans's counsel until almost two years later and, by definition, could not have personal knowledge of prior counsels' agreement reached years earlier. Plainly, Attorney Kupau's declaration, which admits that he lacks personal knowledge and does not even purport to dispute that prior counsel reached an agreement with IW's counsel to treat the Rule 45 subpoena as a Rule 34 document request, is insufficient to overcome Attorney Warner's sworn declaration, made on personal knowledge, attesting that counsel agreed to treat the Rule 45 subpoena as a Rule 34 document request.[1] Thus, the sole basis cited by the Court for denying IW's request for supplementation was simply incorrect.

---

[1] Notably, Evans materially benefitted because IW agreed to use the discovery in the Florida Action rather than serve additional identical Rule 34 discovery in this case; and to permit him a strategic advantage of avoiding supplementation especially in light of that consideration would be inequitable and contrary to the principles set forth in the very first rule of civil procedure: that the Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Further evidencing the scope of the Parties' agreement, Evans filed a certificate of service on May 24, 2024 (a day after the magistrate judge's Order) indicating that

The fact that the only competent evidence before the Court established that the parties' counsel had agreed to treat the Rule 45 subpoena as a Rule 34 document request should have ended the inquiry and resulted in an order compelling Evans to supplement. But even if the parties had not expressly agreed to treat the Rule 45 subpoena as a Rule 34 document request in this litigation, the Court still should not permit Evans to evade his obligation *as a party* to supplement his document production with admittedly responsive documents created after the close of discovery. As Evans did not dispute, it is well established when a party is served with a Rule 45 subpoena duces tecum, the same obligations that apply in responding to a Rule 34 document request apply to the party's response to the subpoena. (*See* ECF No. 105-1 at 15-16; ECF No. 111 at 3.) Particularly in light of the unique procedural posture of this case, any order excusing Evans from supplementing his responses to the Rule 45 subpoena based on the fact that it was a subpoena as opposed to a Rule 34 document request elevates form over substance. Although IW discussed this at length in its opening brief and in its reply, the Court addressed none of this in its Order.

---

he served on IW a *request for supplementation* pursuant to Fed. R. Civ. P. 26(e). (ECF No. 114.) That supplementation request seeks to compel IW to supplement discovery responses issued by Smart Source (not by Evans) in the Florida Action. Accordingly, it would be unjust and inequitable to IW to entertain Evans's request for supplementation of discovery in the Florida Action (to which Evans is not a party) without taking the congruent action by granting IW's motion to compel Evans to supplement his subpoena response.

**B.**     **The Magistrate Judge's Ruling that Neither Party took Discovery in this Case is Clear Error and Contrary to the Law of the Case.**

The magistrate judge's Order stated that neither IW nor Evans took discovery in this case. (ECF No. 113 at 2.) However, that ruling is at odds with the law of the case given the Court's previous rulings. That the parties agreed to use the discovery in the Florida Action as though taken in this action has been evidence nearly since the inception of this case. On April 1, 2022, less than two months after IW filed the Complaint, undersigned counsel filed a letter request to the Court indicating the parties' joint request for the Court to consider the "unique posture of the case" with respect to deviating from traditional discovery procedures under Rules 26(f) and 16, noting that "[t]he parties are currently engaged in extensive discovery in the Florida Case, and they anticipate that little to no additional discovery beyond that taken in the Florida Case will be required in the case before Your Honor." (ECF No. 15 at 1.) The Court granted the letter request and vacated the Rule 16 conference the same day, instead ordering a status conference for July 6, 2022, in lieu of the unnecessary rule 16 scheduling conference. (ECF No. 16.)

IW proceeded to prosecute this case with the understanding that the Court accepted the parties' joint request to treat the discovery in the Florida Action as discovery in this case. That understanding further confirmed by the Court's summary judgment ruling which stated: "Discovery in this matter began subsequent to the Florida litigation, and IW and Evans agree that the substantive discovery in this

15

Court completely overlaps with that of the Florida litigation." (ECF No. 83 at 13–14.)

In connection with earlier issues regarding the scope of Evans's obligation to supplement in this case, the Court ruled that Evans was not required to supplement because IW was made aware of the issues without supplementation—notably, the Court did not rule, as the magistrate judge's recent order did, that Evans lacked an obligation to supplement altogether because the parties did not take discovery. (ECF No. 83 at 13–14.)

Similarly, the magistrate judge himself previously acknowledged the discovery efforts in this case and the ongoing obligations to supplement. At the March 5, 2024 status conference, Attorney Bronster asked the Court: "I would assume that there's still an obligation on both sides to supplement discovery responses under this Order." (ECF No. 105-13 at 10:24–11:1.) The magistrate judge responded: "I agree. I believe that obligation rolls through trial." (*Id*. at 11:2–3.) Attorney Bronster indicated her intent to supplement discovery responses in connection with the pretrial deadlines in this case: "[I]t seems to me that there may be some things that need to be supplemented on both sides, and I will work with Plaintiffs' counsel to try and make sure that we're both satisfied with that." (*Id*. at 11:10–13.) The Court responded: "[O]kay. Thank you." (*Id*. at 11:14.)

16

Accordingly, the magistrate judge's ruling in his May 23, 2024 Order that Evans need not supplement responses because the parties did not take discovery in this case is opposed to the law of the case as established both by the district court and the magistrate judge himself and demonstrates a clear error which materially prejudices IW. *See Mansha Consult., LLC v. Alakai*, 2017 WL 3659163, at *5 (D. Haw. Aug. 23, 2017) ("Under the law of the case doctrine, 'a court is generally precluded from reconsidering an issue that has been decided by the same court, or a higher court in the identical case.'") (quoting *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993)).

## C.   The Magistrate Judge's Order is Clear Error because it Fails to Account for Newly-Created Documents Confirming Indemnity that were Not Extant During Discovery.

The magistrate judge's Order is also clearly erroneous because it does not take into account that IW's request for supplemental documents regarding indemnity include documents that came into existence *after the close of discovery*, and which were either informed by or created in connection with Evans's March 2024 change in position on indemnity. Based on numerous telephone conversations and email communications with Evans's counsel and counsel for Smart Source, IW believes that there are non-privileged communications between Evans's counsel and Smart Source's counsel discussing Smart Source's agreement for indemnity which came into existence after the close of discovery. IW's reasonable belief is informed, in

17

part, by a representation made by Evans's counsel, Attorney Bronster, during a March 26, 2024 meet and confer regarding supplementation. The undersigned sent a confirmation email detailing the substance of that call which confirmed that "[a]s to supplementation you [Evans's counsel] agreed to review your correspondence with Smart Source regarding Mr. Evans's indemnification and consider whether you will produce it." (ECF No. 105-15 at 2.) Attorney Bronster has never denied the existence of correspondence between Evans's counsel and Smart Source regarding the existence and scope of any indemnity agreement. (ECF No. 105-16.)

IW reasonably believes that these communications both exist and will evidence the previously "informal," but nevertheless legal and enforceable, indemnity agreement between Smart Source and Evans and may even formalize the agreement in writing. For the reasons set forth in the Motion, these communications are not privileged as Evans and Smart Source's interests are not aligned with respect to indemnity, and Evans waived any privilege by failing to object in his response to the Rule 45 subpoena.

## V.   <u>CONCLUSION</u>

In sum, the magistrate judge's May 23, 2024 Order denying supplementation on the basis that there was a dispute about whether the parties had agreed to treat the Rule 45 subpoena as a Rule 34 document request in this case, and the parties failed to conduct discovery in this case is clearly erroneous and contrary to the Court's

prior rulings and the law of the case. The Order materially prejudices IW's right to enforce Evans's ongoing obligation to supplement his discovery responses through trial. Accordingly, IW respectfully requests that this Court grant these Objections to the magistrate judge's May 23, 2024 Order Denying Plaintiff's Motion to Compel Supplementation of Discovery Responses which sought only limited supplementary information on the narrow issue of indemnity pursuant to Federal Rule of Civil Procedure 72(a) and Local Rule 74.1.

Dated: Honolulu, Hawaii, June 6, 2024

Respectfully submitted,

*/s/ Christopher J. Cole*
Christopher J. Cole
Peter A. Steinmeyer *(Pro Hac Vice)*
Erik W. Weibust *(Pro Hac Vice)*
A. Millie Warner *(Pro Hac Vice)*
Carolyn Boucek *(Pro Hac Vice)*

*Attorneys for Plaintiff*
*HH Associates, U.S., Inc.*

19